Nov. Term,
1846.

SAMPSON
v.
HENDRICKS.

---

## SAMPSON *v.* HENDRICKS.

If an issue be formed in equity by a plea to the bill and a replication to the plea, a default cannot be entered against the defendant and the bill be taken as confessed, while the issue is undisposed of.

The effect of a replication in such case is to admit the plea to be good, and to confine the inquiry to the truth of the matter in issue.

*Saturday,*
*December* 5.

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.—*Hendricks* brought a bill in equity against *Sampson*, having for its object the collection of the purchase-money for a tract of land, and the enforcement of the vendor's lien. Among other allegations in the bill, one was that the complainant had tendered the defendant a deed for the land, which deed was copied into the bill. The defendant pleaded in bar of the whole bill, that the complainant had not tendered him a good and sufficient deed. The complainant replied that the deed tendered by him was a good and sufficient deed. The cause was set down for hearing upon the bill, plea, exhibits, and the admission of the defendant that the deed copied in the bill had been tendered to him. In this state of the cause, the defendant was called, and failing to answer, a default was entered against him, and the bill was taken as confessed; whereupon the Court entered a final decree against the defendant for the sale of the land, &c.

This decree must be reversed. It was erroneous to default the defendant and take the bill as confessed, while the issue formed by the plea and replication was undisposed of.

We do not inquire whether the bill is sufficient to support a decree for the complainant; or whether if it is, the plea is a good bar. The effect of the replication was to admit the plea to be good, and to confine the inquiry to the truth of the matter at issue. If that was with the defendant, the *bill* should have been dismissed, whether the plea was good or

bad. Mitf. Pl. pp. 240, 241.—1 Smith's Ch. Pr. 233.— Story's Eq. Pl. 542.—*Harris* v. *Ingledew*, 3 P. Will. 94.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*O. H. Smith* and *T. L. Sullivan*, for the plaintiff.

*D. Wallace*, for the defendant.